UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-Civ-21737-COOKE

ALEJANDRO ARRAIZ f/k/a
FIDEL ALEJANDRO ARRAIZ,

    Plaintiff,

v.

CITY OF MIAMI PARKS AND
RECREATION, HAULOVER
BEACH PARK,

    Defendant.
_____/

## ORDER OF DISMISSAL

THIS MATTER is before me upon Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs ("Application") (ECF No. 3). After carefully reviewing Plaintiff's Application, Plaintiff's Complaint for Employment Discrimination ("Complaint") (ECF No. 1), the record, and relevant legal authorities, Plaintiff's Application is denied without prejudice, and his Complaint dismissed without prejudice.

## I. DISCUSSION

The screening provisions of 28 U.S.C. § 1915(e) are applicable to this matter as Plaintiff seeks leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(e), courts are permitted to dismiss a suit "any time [ ] the court determines that … (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissals for failure to state a claim under § 1915(e)(2)(B)(ii) are governed by the same standard as those under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (holding that a complaint may survive a Rule 12(b)(6) motion to dismiss only if it contains factual allegations that are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)"). Additionally, while *pro se* complaints are held to a less

stringent pleading standard than formal pleadings drafted by lawyers, *see Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), a court may not "serve as a de facto counsel for a party, or … rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Plaintiff purports to bring an action for employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* Title VII prohibits employers from discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." *McCann v. Tillman*, 526 F.3d 1370, 1373 (11th Cir. 2008) (internal quotations and citations omitted). A plaintiff may establish a prima facie case of racial discrimination by showing that: 1) he belongs to a protected class; 2) he was qualified to do the job; 3) he was subjected to an adverse employment action; and 4) his employer treated similarly situated employees outside his class more favorably. *Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008).

While Plaintiff need not show a prima facie case of Title VII discrimination to avoid dismissal for failure to state a claim for relief, *see Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002), his Complaint must nonetheless satisfy the pleading requirements set forth in *Twombly*, *Iqbal*, and the Federal Rules of Civil Procedure. While Plaintiff purports to bring an action pursuant to Title VII on the basis of race for failure to hire, he fails to provide sufficient facts to support his legal conclusions. He includes general facts regarding an interview he had in May 2014, a subsequent drug and background test, a failed background test, and alleged misconduct when handling and testing his blood sample. *See generally* Compl., ECF No. 1. However, Plaintiff fails to include any factual allegations regarding the purported race discrimination he faced, nor does he include any specific allegations regarding similarly situated individuals outside his class who were treated more favorably. A reading of the few factual allegations included in Plaintiff's Complaint omit reference to any facts from which the Court could surmise that his claim purports to be a Title VII claim for race discrimination. Plaintiff instead focuses on a background check and then a blood test.

## II. CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 3) is **DENIED** *without prejudice*. Plaintiff shall have through and including **June 13, 2016** by which to file an Amended Complaint. The Amended Complaint must adhere to the requirements of Rule 8 of the Federal Rules of Civil Procedure and contain a short and plain statement of Plaintiff's claims as well as identify the federal statutes or rights providing the basis for this Court's jurisdiction. Plaintiff shall name all of the parties against whom he has claims. Plaintiff shall separate his claims into counts, with appropriate headings indicating the cause of action, the party or parties against whom he raises each cause of action, the elements applicable to that claim, and the facts giving rise to the claim. Plaintiff should pay particular attention to the elements of a racial discrimination claim under Title VII outlined above. Plaintiff shall also number the paragraphs of his Amended Complaint. *See* Fed. R. Civ. P. 10(b).

2. Plaintiff's Complaint for Employment Discrimination (ECF No. 1) is **DISMISSED** *without prejudice*.

3. The Clerk shall *administratively* **CLOSE** this case in the interim.

4. All pending motions, if any, are **DENIED as moot**.

**DONE and ORDERED** in Chambers, at Miami, Florida, this 25th day of May 2016.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Alejandro Arraiz,* pro se
*P.O. Box 3959*
*Hollywood, FL 33083-3959*